EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Norberto Cruz Arias | 2010 TSPR 24 <br><br> 178 DPR _____ |

Número del Caso: AB-2006-287

Fecha: 25 de noviembre de 2009

Oficina del Procurador General:

       Lcdo. Minnie H. Rodríguez López
       Procuradora General Auxiliar

Materia: Conducta Profesional

(La suspensión será efectiva el 19 de febrero de 2010, luego de recibirse el diligenciamiento negativo).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Norberto Cruz Arias                    AB-2006-287

PER CURIAM

San Juan, Puerto Rico a 25 de noviembre de 2009.

El 9 de octubre de 2006 la Sra. María del C. González Soto presentó una queja en contra del Lcdo. Norberto Cruz Arias en la que alegó que éste no la había incluido como parte demandante en una reclamación presentada por un grupo de personas, a pesar de haberle entregado $200.00 y varios documentos. El 16 de noviembre de ese año, la Secretaria del Tribunal Supremo, Lcda. Aida I. Oquendo Graulau, cursó una comunicación al licenciado Cruz Arias en la que le notificó la queja presentada en su contra y le concedió un término de diez (10) días para presentar su contestación. Mediante una comunicación enviada el 29 de noviembre

de 2006, el licenciado Cruz Arias solicitó una prórroga de veinte (20) días para recopilar la información necesaria para presentar su contestación.

El 5 de diciembre de 2006 se le concedió al licenciado Cruz Arias un término de veinte (20) días para presentar su contestación a la queja de epígrafe. Una vez recibida la contestación requerida, el asunto fue referido a la Oficina del Procurador General para iniciar la investigación correspondiente y presentar su informe.

El Procurador General rindió un informe en el que, entre otras cosas, solicitó a este Tribunal que le requiriera al licenciado Cruz Arias evidencia de la entrega del dinero y documentos a la señora González Soto. Además recomendó que se le apercibiera al licenciado González Soto que debía tener presente los preceptos establecidos en los Cánones 18, 19 y 20 de Ética Profesional.

En atención a lo expresado por el Procurador General, mediante Resolución de 4 de mayo de 2007 concedimos al licenciado Cruz Arias un término de diez (10) días para certificarnos la devolución del dinero y documentos entregados por la señora González Soto. También fue apercibido de su deber de dar cumplimiento a los Cánones 18, 19, 20 y 24 de Ética Profesional. Vencido el término concedido, la señora González Soto compareció ante nos para informar que el licenciado Cruz Arias no le había enviado el dinero y los documentos entregados.

Así las cosas, el 19 de octubre de 2007 concedimos un término de veinte (20) días al licenciado Cruz Arias para

cumplir con lo ordenado en nuestra Resolución anterior. Ésta fue notificada personalmente a través de la Oficina del Alguacil de este Tribunal.

Posteriormente, el licenciado Cruz Arias compareció ante nos para notificar la devolución de los $200.00 a la señora González Soto. Sin embargo, en dicha ocasión no hizo expresión alguna con relación a los documentos que debía entregar. Ante tal situación, la señora González Soto presentó un escrito en el que informó que el licenciado Cruz Arias no envió los documentos. Se le concedió a éste un término de veinte (20) días para expresarse sobre tal alegación.

En esa ocasión el licenciado Cruz Arias compareció para informar que había enviado los documentos requeridos. No obstante, la señora González Soto nos informó que entre los documentos devueltos no se encontraba copia de una Escritura de Liquidación de Bienes Gananciales que ella había entregado a través de una persona que fungía como contacto entre los demandantes y el licenciado Cruz Arias. Como consecuencia de ello, el 7 de abril de 2008 concedimos al licenciado Cruz Arias un término de veinte (20) días para expresarse sobre lo informado por la quejosa con relación a la mencionada escritura.

Transcurrido dicho término, y ante la incomparecencia del licenciado Cruz Arias, le concedimos un plazo de quince (15) días para informar las gestiones realizadas para dar cumplimiento a nuestra Resolución. Finalmente, el 17 de abril de 2009 concedimos un término final de veinte (20)

días para cumplir con nuestros requerimientos. Dicha Resolución incluyó un apercibimiento de suspensión indefinida de la abogacía y fue notificada personalmente. Pese a ello, al día de hoy, el licenciado Cruz Arias no ha atendido nuestros requerimientos.

II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. In re: Colón Rivera, res. el 6 de marzo de 2007, 2007 T.S.P.R. 59.

Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. In re: Maldonado Rivera, 147 D.P.R. 380 (1999). Anteriormente hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re: Ríos Rodríguez, res. el 27 de septiembre de 2007, 2007 T.S.P.R. 176; In re: Lloréns Sar, res. el 5 de febrero de 2007, 2007 T.S.P.R. 31.

Todo abogado tiene la ineludible obligación de responder diligentemente a los requerimientos de este

Tribunal, independientemente de los méritos de la queja presentada en su contra. In re: Rodríguez Bigas, res. el 25 de octubre de 2007, 2007 T.S.P.R. 202. Debemos enfatizar que desatender nuestros requerimientos configura una falta independiente de los méritos de la queja presentada. In re: Colón Rivera, *supra*.

Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re: Colón Rivera, *supra*.

III

En el caso de epígrafe, el licenciado Cruz Arias ha incumplido con nuestros requerimientos. Aunque en nuestra Resolución de 17 de abril de 2009 fue apercibido de que podría imponérsele una suspensión del ejercicio de la abogacía, el licenciado Cruz Arias no ha comparecido. Ello de por sí denota una falta de diligencia y un alto grado de indiferencia ante nuestros apercibimientos de sanciones disciplinarias. Su conducta representa una falta de respeto hacia los tribunales.

En vista de lo anterior, se suspende indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Norberto Cruz Arias.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos

no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Norberto Cruz Arias y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará la Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:


Norberto Cruz Arias                    AB-2006-287


SENTENCIA


San Juan, Puerto Rico, a 25 de noviembre de 2009.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia se suspende indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Norberto Cruz Arias.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Norberto Cruz Arias y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                         Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo